**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YINGZI LIN,<br><br>              Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No. 14-72633<br><br>Agency No. A099-900-609<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2017[**]
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and BOLTON,[***] District Judge.

Petitioner Yingzi Lin seeks review of the Board of Immigration Appeals'

("BIA") dismissal of her appeal from an immigration judge's ("IJ") order denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Petitioner's applications for asylum and withholding of removal. Reviewing for substantial evidence, Budiono v. Lynch, 837 F.3d 1042, 1046 (9th Cir. 2016), we deny the petition.

1. Substantial evidence supports the BIA's adverse credibility determination. Petitioner gave non-responsive answers to three separate questions. See 8 U.S.C. § 1158(b)(1)(B)(iii) (permitting the IJ to consider the "responsiveness of the applicant" in making a credibility determination). She also testified inconsistently about whether the birth control official was from her neighborhood or from her place of employment. Petitioner's explanation to us that perhaps the same person was in charge of both areas contradicts her clear testimony that the official was from her neighborhood only. Because some substantial reasons support the BIA's decision, we need not consider the BIA's other reasons. Lianhua Jiang v. Holder, 754 F.3d 733, 738–39 (9th Cir. 2014).

2. Substantial evidence supports the BIA's analysis of the documents in the record. The BIA permissibly found that, even if the documents in the record were credited, they did not establish that Petitioner's abortion was forced. Accordingly, Petitioner could not establish her claims for relief from removal without credible testimony.

**Petition DENIED.**

2